IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK GOODEN, JR. BY AND
THROUGH HIS NATURAL FATHER,
FREDERICK GOODEN,                                                PLAINTIFF,

VS.                                          CIVIL ACTION NO. 4:07CV072-P-B

DAVID HORN, INDIVIDUALLY, and
WESTERN EXPRESS, INC.,                                          DEFENDANTS.

**MEMORANDUM OPINION**

This matter comes before the court upon the defendants' motion for summary judgment [35] and motion to strike [65]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

**I. FACTUAL BACKGROUND**

On May 3, 2006 David Horn was driving a tractor-trailer rig owned by Western Express, Inc. to U.S. Gypsum in Greenville, Mississippi. The tractor rig was pulling an empty, flat-bed trailer. While driving east on US Highway 82, Horn missed his turn onto Hwy 1. To get back on course, he turned left, or north, on North Colorado Street. This section of Colorado Street has a sign warning that children are at play and a sign posting the speed limit at 20 miles per hour.

According to Horn, he was driving well under the speed limit and then saw a child standing on the right side of the street whereupon he slowed down to approximately five miles per hour while carefully observing the child. As the trailer passed the child, Horn states that he observed in the passenger-side mirror that the child unexpectedly darted out into the roadway and into the rear tire of the trailer.

1

The boy who made physical contact with Horn's truck was Freddie Gooden, Jr., eight years old at the time.

According to Lugrena Raggs, a person driving toward Horn in the opposite lane, she cannot say whether the boy made contact with the side or back of the truck, but she avers that he was not hit by the front of the truck. She also avers that she has no idea how fast Horn was driving.

Lucille Atkins was and remains Freddie's next-door neighbor. According to her deposition testimony, Freddie was run over by the first two wheels of the rig. Deposition of Lucille Atkins at 28:8-11. Ms. Atkins avers that Freddie was not running, but walking across the street toward her house at the time the truck hit Freddie. She states that she has no idea how fast the truck was driving. Ms. Atkins also alleges that she observed the driver looking up and down at a clip board of some kind while driving the truck.

According to Calvin Atkins, Lucille Atkins' son who was approximately 13 at the time in question, he does not know whether the tires actually ran over Freddie. Calvin avers in his deposition that he was standing on the curb in front of his house on the right side of North Colorado Street, in front of his mother who was sitting near the front door of their house when the incident occurred. Calvin states that Freddie was coming from the other side of the street toward his house when at the same moment, the truck swerved to its left – presumably to avoid Calvin who was standing on the curb – whereupon Freddie, who was coming from the other direction toward's the driver's side of the truck – was hit by the truck somewhere between the cab of the tractor rig and the trailer.

Though the court is not clear about the extent of Freddie's injuries, it appears from the briefs that his leg was broken and he suffered a head injury, but he is not currently under medical care.

Frederick Gooden, Freddie's father, filed the instant action against Horn and his employer,

Western Express, Inc., in the Circuit Court of Washington County, Mississippi on December 8, 2006. The defendants removed the action to federal court on May 5, 2007 on the basis of federal diversity jurisdiction. The plaintiff was granted leave to file an Amended Complaint which was filed on November 7, 2008. The Amended Complaint alleges the following causes of action: (1) negligence against David Horn in his individual capacity and Western Express, Inc. under the doctrine of *respondeat superior*; and (2) failure to adequately train and supervise against Western Express, Inc.

The defendants filed the instant motion for summary judgment, arguing that the plaintiff's claims should be dismissed for failure to create a genuine issue of material fact as to either cause of action.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party

opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*.

at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## **B. Negligence**

Having read the motions, briefs, and the exhibits attached thereto, the court concludes that the plaintiff has demonstrated through the depositions of Lucille Atkins and Calvin Atkins that there is a genuine issue of material fact as to whether or not David Horn failed to keep a proper lookout or otherwise operated his truck in a negligent manner. Resolution of the competing allegations between Horn and the Atkins's inherently requires a weighing of credibility – fact questions which are only properly within the province of a jury.

However, the court also concludes as a matter of law that the plaintiff has failed to demonstrate a genuine issue of material fact that the defendants are liable for negligence *per se* for violating the City of Greenville's Ordinance 6-213.

Section 6-213 states: "The following street sections are hereby designated as truck routes to wit ...." The section continues to list the designated street sections. Although the list of "designated" truck routes in Section 6-213 does not include the section of Colorado street in question, nowhere in Section 6-213 does the Ordinance specifically make it unlawful to drive anywhere that is not designated on the list. Statutes or ordinances enacted by legislative bodies must specifically describe what is made illegal as well as what is made legal by the statute or ordinance in question. Statutes and ordinances must be construed as written. In this regard, the Mississippi Supreme Court wrote

5

in *Balouch v. State*:

> The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would encroach upon the power of the Legislature. The courts have neither the authority to write into the statute something which the legislators did not write therein, nor to ingraft upon it any exception not included by them.

938 So.2d 253, 260 (Miss. 2006). Thus, in order for Section 6-213 to make it unlawful to drive a tractor-trailer rig down a particular street, the Ordinance must specifically say that driving on any street not designated on the list is unlawful.

Furthermore, the defendants did not violate Sections 6-214 and 6-215 which prohibit trucks over 35 feet in length or weighing over 20,000 on certain listed streets unless for commercial or residential deliveries. The plain language of these ordinances confine their restrictions to certain listed streets, none of which include the subject section of Colorado Street.

**C. Failure to Train**

The defendants' filed their motion for summary judgment before the plaintiff was granted leave to file his Amended Complaint. The original Complaint did not contain a claim for failure to train or supervise against Western Express, Inc. The defendants did not file an amended motion for summary judgment seeking dismissal of the failure to train claim. Therefore, this issue is not before the court on summary judgment.

**D. Defendants' Motion to Strike**

The defendants have also filed a motion to strike the plaintiff's amended response to defendants' motion for summary judgment and the attached deposition of Lorenzo Anderson. The defendants do not move to strike the depositions of Lucille Atkins and Calvin Atkins attached as exhibits to the amended response.

On November 12, 2008 the court entered an Order granting the plaintiff's motion to continue hearing of the defendants' motion for summary judgment and for permission to supplement the plaintiff's response with the deposition transcripts of Lucille and Calvin Atkins. The plaintiff did not move to further supplement their response with the deposition of interim city engineer Lorenzo Anderson, and therefore received no permission to do so.

In any event, the primary purpose of the Anderson deposition appears to be opining on whether Defendant Horn was legally operating his truck on the subject street pursuant to City Ordinance 6-123. The defendants are correct that Anderson has not been designated as an expert. Even if he were, the question of whether Defendant Horn violated 6-123 is a question of law, the determining of which lies within the exclusive province of the court, not a city engineer or any other expert. Accordingly, the deposition of Lorenzo Anderson is hereby stricken from the court's consideration of the defendants' motion for summary judgment. Furthermore, the Anderson deposition, insofar as it is used to demonstrate legal opinions, shall be excluded from consideration by the jury during trial.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the defendants' motion for summary judgment [35] should be denied. However, as explained above, the plaintiff is not entitled to a negligence *per se* instruction based on the alleged violation of Greenville Ordinances 6-123, 6-124, or 6-125. Furthermore, the defendants' motion to strike [65] is granted as explained above. Accordingly, an Order shall issue forthwith,

**THIS DAY** of December 15, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE