IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK GOODEN, JR. BY AND
THROUGH HIS NATURAL FATHER,
FREDERICK GOODEN,                                                    PLAINTIFF,

VS.                                              CIVIL ACTION NO. 4:07CV072-P-B

DAVID HORN, INDIVIDUALLY, and
WESTERN EXPRESS, INC.,                                              DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant Western Express, Inc.'s motion for partial summary judgment [73]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

Defendant Western Express moves the court to grant summary judgment on the plaintiff's failure to train and *res ipsa loquitur* claims against them.

With regard to the failure to train claim, Western Express argues that the plaintiff has no evidence to create a genuine issue of material fact that Western Express breached its duty to train its employee and co-defendant David Horn since the plaintiff has no witness to discuss Western Express's training of their driver. The plaintiff essentially counters that the lack of evidence (*i.e.*, Western Express's failure to provide a copy of their training manual effective before the incident in question) is evidence that Western Express did not adequately train their driver to avoid turning down the wrong streets when delivering goods. The plaintiff also argues that David Horn's prior deposition testimony indicates that he was not adequately trained, especially regarding the navigation system.

1

Western Express does not cite authority for the proposition that testimony from an expert witness is required to present evidence for a failure to train claim. However, the defendant is correct that evidence must come in the form of witness testimony or physical evidence and cannot take the form of attorney argument. In theory, the plaintiff could introduce evidence to support his failure to train claim from co-defendant David Horn by simply asking him on the stand whether he was trained and, if so, to what extent.

However, the court concludes that the plaintiff has failed to create a genuine issue of material fact that Western Express breached its duty to train its co-defendant employee which proximately caused the plaintiff's damages. In essence, the plaintiff's failure to train claim's premise is that Western Express failed to train their driver not to take wrong turns which caused him to take a wrong turn which, in turn, caused him to hit the plaintiff's son. Even if Western Express did not train Horn to not make wrong turns, the nature of Horn's job as a truck driver makes such specific training unnecessary, just as it would be unnecessary to train Horn not to drive into oncoming traffic or to not be late in reaching his destination. Thus, the plaintiff has failed to show that Western Express had a specific duty to train Horn not to take wrong turns. Even if there were such a duty imposed by law, Western Express's breach of that duty could not have proximately caused the alleged damages in this case since Horn's own actions in taking the wrong turn was an intervening cause.

Accordingly, the court concludes that Western Express's motion for summary judgment should be granted in this regard.

Under the rubric of Count II, the plaintiff's failure to train claim against Western Express in his Amended Complaint states: "Plaintiff specifically pleads *res ipsa loquitur*." Western Express

argues that the claim should be dismissed as a matter of law and that the plaintiff appears to have conceded as such by his failure to discuss the claim in his response.

To establish a claim for *res ipsa loquitur* – which only allows an inference, and not a presumption, of negligence – a plaintiff must demonstrate the following elements: "1) the instrumentality causing the damage must be under the exclusive control of the defendant, 2) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care, and 3) the occurrence must not be due to any voluntary act on the part of the plaintiff." *Coleman v. Rice*, 706 So.2d 696, 698 (Miss. 1997). However, "the requirement of 'exclusive control' of the damaging instrumentality does not limit *res ipsa loquitur* to a single defendant; the doctrine may be applicable where authority is shared concerning the instrumentality in question." *Id*. The Mississippi Supreme Court has stated that the doctrine of *res ipsa loquitur* should be "cautiously applied." *Powell v. Methodist Health Care-Jackson Hospitals*, 876 So.2d 347,349 (Miss. 2004).

The plaintiff argues that the instrumentality causing the damage (*i.e.*, the truck) was under the exclusive control of Western Express simply because the truck was being driven by David Horn, their employee. Unlike the situation in *Coleman*, however, where two surgeons were performing surgery and one of them left a sponge in the plaintiff's body, a truck company does not share the exclusive control of the truck being driven by one of its employees simply because they are not both physically operating the instrumentality. In any event, potential liability against Western Express for the subject injury already lies through the doctrine of *respondeat superior*. Even if the plaintiff could meet the first element, the second element requires that "the accident is such that, according to ordinary human experience, it could not have happened without such negligence." *Winters v.*

*Wright*, 869 So.2d 357, 364 (Miss. 2003). There are reasonable explanations of how the plaintiff's son could have been struck by the truck operated by Horn that do not absolutely require negligence on the part of Western Express. In other words, *res ipsa loquitur* claims seeking an inference of negligence are based on the very meaning of the doctrine's title: "the thing speaks for itself." It is applicable when logically there can be no intervening cause that can break the causation between the action and the result such as during surgery and an instrument is left in the patient. In that situation, it does not matter whether the nurse or the surgeon left the instrument inside, since someone, who could not have been the plaintiff, left the instrument inside him causing damage.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Western Express, Inc.'s motion for partial summary judgment [73] is **GRANTED**; therefore,

(2) The plaintiff's claims for failure to train and *res ipsa loquitur* against Western Express are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 29th day of January, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE