**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

FREDERICK GOODEN, JR. BY AND
THROUGH HIS NATURAL FATHER,
FREDERICK GOODEN, PLAINTIFF,

VS. CIVIL ACTION NO. 4:07CV072-P-B

DAVID HORN, INDIVIDUALLY, and
WESTERN EXPRESS, INC., DEFENDANTS.

## ORDER

These matters come before the court upon the defendants' seven motions *in limine* [82, 83, 84, 85, 86, 87 and 88]. After due consideration of the motions, the court finds as follows, to-wit:

The defendant filed the subject motions on February 9, 2009. The plaintiff's deadline to respond to these motions passed on February 27, 2009. The plaintiff filed no response, nor did he otherwise contact the court for additional time to do so. Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond to a motion. Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed.

In any event, after considering the merits of the defendants' motions, the court concludes as follows:

(1) Defendants' motion [82] to exclude reference to the defendants' insurance or insurance company is **granted**;

(2) Defendants' motion [83] to exclude reference to whether David Horn violated Greenville City Ordinances §§ 6-213, 6-214, and 6-215 is **granted** as explained in this court's December 15, 2008 Opinion;

(3) Defendants' motion [84] to exclude any expert testimony, including that of Mr. Lorenzo

Anderson, is **granted** since the plaintiff did not designate any expert witness by the plaintiff's expert designation deadline on October 6, 2008;

(4) Defendants' motion [85] to exclude reference to any prior accidents in which David Horn was involved in is **granted** pursuant to Federal Rules of Evidence 401 and 402 since the plaintiff has not shown how such evidence is relevant to his lawsuit – *i.e.*, that prior accidents would make a material fact more or less probable;

(5) Defendants' motion [86] to exclude evidence regarding future damages is **granted** since the plaintiff has no expert testimony or other evidence demonstrating the extent of any future damages;

(6) Defendants' motion [87] to exclude evidence regarding David Horn's actions and/or whereabouts prior to the subject action is **denied** as premature. The court will revisit this issue during trial upon argument by the parties; and

(7) Defendants' motion [88] to exclude evidence regarding claims for which summary judgment has been granted – *i.e.*, failure to train claim and *res ipsa loquitur* – is **granted**.

**SO ORDERED** this the 16th day of April, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE