IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK GOODEN, JR. BY AND
THROUGH HIS NATURAL FATHER,
FREDERICK GOODEN,                                                    PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 4:07CV072-P-B

DAVID HORN, INDIVIDUALLY, and
WESTERN EXPRESS, INC.,                                              DEFENDANTS.

**ORDER**

These matters come before the court upon the plaintiff's omnibus motion *in limine* [89]. After due consideration of the motions and the responses filed thereto, the court concludes as follows, to-wit:

(1) Plaintiff's motion to exclude reference to medical payments made by the Division of Medicaid as collateral source benefits is **granted**;

(2) Plaintiff's motion to exclude reference regarding the Frederick Gooden Jr.'s parents' supervision of him in the day in question is **denied**;

(3) Plaintiff's motion to prevent defense counsel from inquiring during *voir dire* whether the prospective jury believes an injured minor child should automatically receive an award in a civil case is **denied**;

(4) Since the plaintiff cited no authority for the proposition, his motion to exclude testimony of Frederick Gooden, a minor, simply because he is a minor is **denied**;

(5) Plaintiff's motion to exclude inferences by defense that the lay witness neighbors colluded with the plaintiff in preparing their testimony is **denied**;

(6) Plaintiff's motion to exclude all opinion evidence in the accident report prepared by the

investigating officer is **denied** as premature. The court will revisit the issue during trial;

(7) Plaintiff's motion to exclude reference to failure to supervise Frederick Gooden Jr. by a custodian or baby-sitter is **denied**;

(8) Plaintiff's motion to prevent the defense from offering any non-disclosed expert testimony is **granted**;

(9) Plaintiff's motions to preclude the defendants from offering evidence concerning David Horn's good character or good driving record is **denied**; however, if the defendants offer such evidence, the plaintiff shall have the right to rebut this testimony with evidence of prior accidents or prior instances of a bad driving record;

(10) Plaintiff's motion to exclude reference to the past conduct of any previous lawyers for the plaintiffs is **granted**; and

(11) Plaintiff's motion to preclude the defendants from asserting a "good-faith or honest mistake," "accidents happen," or other "non-intentional" defense is **denied**.

**SO ORDERED** this the 16th day of April, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE